**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 24-cr-00034-GPG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CAMPBELL PHILLIP SLAYDEN,

    Defendant.

**INFORMATION**

The United States Attorney charges:

### *Introduction*

At all times material to this Information:

The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") is an agency of the United States Department of Justice responsible for enforcing federal laws and regulations pertaining to firearms including the Gun Control Act and the National Firearms Act.

One of the ATF's primary functions is to enforce federal laws governing the licensure of firearms dealers and manufacturers. Specifically, the ATF enforces federal laws prohibiting persons from engaging in business activities that lie beyond the scope of their federal firearms license ("FFL"). In this role, the ATF regulates numerous types of FFLs: Type 01 FFLs allow holders to engage in the business of dealing in firearms including the selling of firearms at wholesale or retail; whereas Type 07 FFLs allow

holders to engage in the business of manufacturing firearms, including assembling firearms' individual components so as to render those firearms suitable for use. FFL-holders are subject to mandatory record-keeping requirements, such as the recording of acquisitions and dispositions of inventory under the Gun Control Act and related regulations. The ATF utilizes and relies upon accurate records in its enforcement responsibilities.

Another one of the ATF's primary functions is to enforce laws that prevent illegal firearms transfers and trafficking. Federal laws require a "background check" process in which the dealer is required to verify the transferee's or buyer's true identity to ensure that the transferee or buyer is not prohibited from possessing firearms under federal or state law. For this reason, an ATF Form 4473 must be completed by a federally licensed firearms dealer and the transferee or buyer before the dealer may transfer or sell a firearm. On the Form 4473, the transferee or buyer must provide identifying information and also answer questions aimed at determining whether the purchase was permitted under federal law. Dealers are required to retain these forms for inspection by the ATF, and again, the ATF utilizes and relies upon accurate records in its enforcement responsibilities.

The defendant, CAMPBELL PHILLIP SLAYDEN, and Co-Conspirator 1 ("CC-1"), whose identity is known to the United States Attorney, were owners of Modern Arms & Optics, LLC ("MAO"). During the relevant period, MAO held only a Type 01 FFL, which allowed it to engage in the business of dealing in firearms. In their role as owners of and operators of MAO, SLAYDEN and CC-1 both applied for and acquired MAO's FFL and

were listed as the sole "responsible persons" on that license. This designation allowed them to direct or cause the direction of the management, policies, and practices of MAO as they pertained to firearms.

MAO engaged in business at a residence on Raleigh St., Denver, Colorado ("the residence"), and also at numerous gun shows in the State and District of Colorado, the latter being the venue for the majority of MAO's business transactions. The defendant and CC-1 were involved in all aspects of the business operations of MAO. Through their operation of MAO, the defendant and CC-1 profited from sales of firearms and ammunition and by collecting fees for conducting background checks for their sales and for background checks done for third-party transfers. The defendant and CC-1, through MAO, were prolific in their business dealings; for example, from March 25, 2022, through December 4, 2022, they completed at least 1,325 transfers of firearms.

## COUNT 1

The allegations above are incorporated by reference herein as if restated in full.

From at least May of 2021 and continuing through September of 2022, in the State and District of Colorado, the defendant, CAMPBELL PHILLIP SLAYDEN, and CC-1 did knowingly and willfully combine, conspire, confederate and agree with each other to defraud the Bureau of Alcohol, Tobacco, Firearms, and Explosives, an agency of the United States, by impeding, impairing, obstructing, and defeating, through deceitful and dishonest means, ATF's lawful government functions in enforcing federal firearms licensure laws that regulate firearms businesses and preventing illegal firearms

trafficking.

### *Manner and Means of the Conspiracy*

Acting interdependently, SLAYDEN and CC-1 carried out the conspiracy using the following manner and means:

*Straw Purchasing*

a. SLAYDEN and CC-1 conducted background checks and completed Form 4473s for firearms MAO sold out of its inventory and also for transfers between private parties or transfers to customers from other licensed dealers. During this time, when conducting background checks and the corresponding Form 4473 for others, MAO charged fees to the parties which exceeded their costs, and thereby resulted in profit to MAO.

b. SLAYDEN and CC-1 engaged in deceptive acts to hide information, mislead, avoid suspicion, and avert further inquiry into their business by knowingly transferring and selling firearms to prohibited persons through the use of straw purchasers. A straw purchase occurs when the transferee or buyer who actually undergoes the background check and completes the Form 4473 is not the true transferee or buyer. In this manner, persons prohibited from possessing firearms or wishing to hide their acquisitions of firearms could obtain firearms without undergoing background checks. Rather, the "straw purchaser" would acquire the firearm on behalf of the final transferee or buyer. To this end, SLAYDEN and CC-1 would knowingly transfer and sell firearms to individuals, acting as agents of the prohibited purchasers, who falsely claimed

to be the true transferee or buyer in a manner designed to disguise the identity of the true purchaser.

c. SLAYDEN and CC-1 also participated in a separate process that would knowingly facilitate straw purchases by deliberate ignorance. In this separate process, SLAYDEN and CC-1 impeded, impaired, obstructed, and defeated the ATF's lawful functions by deliberately taking action to avoid learning about straw purchases despite being aware or having reasonable cause to believe there existed a high probability that the true purchasers were prohibited from possessing them. SLAYDEN and CC-1 would send out electronic links that allowed Form 4473s to be filled out privately and out-of-view by anyone with access to the link. This allowed the straw purchasers, or in some cases the prohibited firearm buyers themselves, to easily supply false and fraudulent misrepresentations outside the in-person presence of SLAYDEN and CC-1 regarding the true purchasers of the firearm, to wit, information related to a straw purchaser. When suspicious of an in-person straw purchase, SLAYDEN and CC-1 would intentionally fail to conduct reasonable inquiries into the true purchaser by simply completing the background check and transferring the firearm to the transferee or buyer whom they knew or had reasonable cause to believe was not the actual buyer.

d. SLAYDEN and CC-1 further impeded, impaired, obstructed, and defeated the ATF's lawful functions by retaining Form 4473 records that falsely represented the identities of the true transferees or buyers from the ATF.

e. Between March 3, 2021, and August 17, 2023, the ATF has traced MAO as the dealer or transferor for 62 firearms recovered in three different states and investigated

by a law enforcement agency as involved in a crime. Many of these traced firearms were obtained and possessed by dangerous gang members and felons who utilized straw purchasers in transactions with MAO.

*Manufacturing*

a. At all relevant times, the defendant, SLAYDEN, and CC-1, individually or in their role as responsible persons for MAO, did not possess the required Type 07 FFL to engage in the business of manufacturing firearms. Despite not receiving the proper FFL, SLAYDEN and CC-1 willfully engaged in the business of manufacturing firearms.

b. To accomplish this, SLAYDEN and CC-1 acquired knowledge on how to build firearms; obtained firearms components, including upper and lower firearm receivers; and utilized extensive tools, including manufacturing jigs, housed at the residence. Using this knowledge, SLAYDEN and CC-1 manufactured and sold numerous AR-style rifles and handguns, serialized Polymer 80 (P80) handguns, and P80 handguns without serial numbers (also called "ghost guns"), even though serial numbers are required by 26 U.S.C. § 5842(a).

c. SLAYDEN and CC-1 advertised these manufactured firearms as "custom" firearms through social media, at gun shows and in private showings to customers. Ultimately, they willfully engaged illegally in the business of manufacturing firearms with the principal objective of profit. This illegal manufacturing was a regular and significant part of the business of MAO.

d. At all relevant times, MAO and its responsible persons were required to keep an accurate "Acquisition & Disposition" ("A&D") record to record the acquisition and

disposition of all firearms inventory transferred in MAO's business of dealing firearms. At all relevant times, SLAYDEN and CC-1 had sole access to, control over, and custody of MAO's A&D record.

e. SLAYDEN and CC-1 engaged in deceptive acts and contrivances to hide information, mislead, avoid suspicion, and avert further inquiry into their business of manufacturing firearms without a license for sale to customers in violation of 18 U.S.C. § 922(a)(1)(A). Specifically, SLAYDEN and CC-1 created and maintained a false A&D record that concealed their manufacturing activities from the ATF:

i. As part of their business operations at MAO, SLAYDEN and CC-1 recorded in their A&D record their acquisitions of firearm receivers from suppliers but then recorded the disposition of those as complete firearms without reference to any of the aforementioned manufacturing processes. In doing so, they fraudulently concealed the nature and extent of their manufacturing activities from the ATF.

ii. As part of their business operations at MAO, SLAYDEN and CC-1 recorded, in their A&D record, the transfer of receivers, when in actuality they were completed firearms that they had manufactured. In doing so, they fraudulently concealed the nature and extent of their manufacturing activities to the ATF.

iii. As a part of their business operations at MAO, SLAYDEN and CC-1 recorded their acquisitions of firearm receivers from specific suppliers and then recorded disposition of those receivers as complete firearms, received from other specific suppliers, in their A&D record without reference to the fact that they had

7

made the receiver suitable for use as part of a manufactured weapon. In doing so, they fraudulently concealed the nature and extent of their manufacturing activities from the ATF.

### ***Overt Acts***

In furtherance of the conspiracy and to affect the objects thereof, the following overt acts were committed.

*Straw Purchasing*

1. SLAYDEN and CC-1 conducted background checks, completed and maintained required Form 4473s, and transferred firearms through numerous false buyers including, among others, persons with the initials J.C., D.L., G.G., A.P., S.O., J.I., J.M., A.H., A.C., and M.R. In doing so, they acted knowingly or with deliberate blindness to an awareness of the high probability that those parties were not the true transferees or buyers. Many individuals prohibited by federal or state law from possessing firearms ultimately received firearms that were straw purchased or obtained using false information through MAO, including persons with the initials S.R., A.R., C.C., C.N., L.C. and D.S.

*Manufacturing*

As set forth in part below, SLAYDEN and CC-1 knowingly and willfully kept an A&D record in which lower receivers acquired from Chattanooga Shooting Supplies, Inc. ("CSS"), a main supplier of Polymer 80 parts, were disposed of as "pistols":

| Overt Act | Serial number | Date sent from CSS to MAO | Date received in MAO's A&D | Date sold in MAO's A&D | Description by CSS | Description in A&D |
|---|---|---|---|---|---|---|
| 2 | SA46609 | 9/17/2021 | 12/1/2021 | 5/14/2022 | Lower receiver | Multi Cal Pistol |
| 3 | SA46687 | 9/17/2021 | 12/1/2021 | 4/24/2022 | Lower receiver | Multi Cal Pistol |
| 4 | SA54163 | 2/1/2022 | 2/6/2022 | 3/25/2022 | Lower receiver | 9mm Pistol |
| 5 | SA49337 | 2/1/2022 | 2/6/2022 | 3/12/2022 | Lower receiver | 9mm Pistol |
| 6 | CA43885 | 5/13/2022 | 5/19/2022 | 5/22/2022 | Lower receiver | 9mm Pistol |
| 7 | CA54168 | 5/13/2022 | 5/19/2022 | 5/27/2022 | Lower receiver | 9mm Pistol |
| 8 | CA54142 | 5/13/2022 | 5/19/2022 | 7/17/2022 | Lower receiver | 9mm Pistol |
| 9 | CA54107 | 5/13/2022 | 5/19/2022 | 7/17/2022 | Lower receiver | 9mm Pistol |
| 10 | CA38720 | 5/23/2022 | 5/26/2022 | 7/24/2022 | Lower receiver | 9mm Pistol |

11. On October 29, 2021, SLAYDEN and CC-1 recorded the acquisition of an AM-15 lower receiver from Anderson Manufacturing bearing serial number 21311504 in MAO's A&D record. Later, on January 23, 2023, SLAYDEN or his co-conspirator fraudulently changed that record to show that the firearm was a completed "pistol" received from CSS.

12. On June 30, 2022, MAO sold one completed AR-style firearm to a person with the initials K.R. that was manufactured by SLAYDEN and CC-1 from a receiver previously acquired by MAO. The disposition and transfer of this manufactured firearm was recorded as a receiver only in MAO's A&D record.

13. On September 23, 2022, MAO sold three complete AR-style firearms to a person with the initials A.R. that were manufactured from receivers previously acquired

by MAO. The disposition and transfer of these manufactured firearms to A.R. were recorded as receivers only in MAO's A&D record.

14. In their manufacturing business, SLAYDEN and CC-1 acquired and possessed at least one "Wide-Open Trigger" for installation on manufactured firearms. On March 22, 2022, forced reset triggers, which includes Wide-Open Triggers, were classified by ATF as machine guns requiring registration on the National Firearms Register and Transfer Record per the National Firearms Act. During an official ATF inspection at MAO at 5270 Raleigh St., Denver, Colorado, on September 13, 2022, inspectors recovered an unregistered Wide-Open Trigger but did not immediately seize it, instead leaving it at the location in plain view as the multi-day inspection continued. Thereafter, SLAYDEN and CC-1 hid the Wide-Open Trigger to evade ATF's seizure and potential action on the illicit item. Later in the inspection, September 15, 2022, ATF agents and inspectors were forced to search for the trigger and found it in the hidden location. That Wide-Open Trigger was in fact determined to be a machine gun under 18 U.S.C. § 5845(b) by a technical examination conducted by ATF's Firearms & Ammunition Technology Division and was not registered as required by the National Firearms Act.

15. After, SLAYDEN and CC-1 were aware of the ATF's ongoing criminal and administrative investigations into MAO's unlawful manufacturing and participating in straw-purchases of firearms, and knowing they faced possible administrative revocation of MAO's federal firearms license, SLAYDEN and CC-1 incorporated in the state of Colorado a new firearms store, Firearms Supply Store LLC ("FSS"), on July 19, 2022, and further attempted to transfer and hide MAO's business in this false storefront. Co-

Conspirator 2 ("CC-2"), whose identity is known to the United States Attorney, applied for a Type 01 FFL for FSS in CC-2's name and at SLAYDEN's direction and with knowledge of CC-1. This FFL application, which omitted SLAYDEN's and CC-1's participation in the business, was submitted as part of an effort to hide information, avoid, mislead, avoid suspicion, and avert further inquiry into the nature of SLAYDEN'S and CC-1's business by the ATF. As a part of the application, ATF required documentation of the operating location of FSS. In response, SLAYDEN forged a commercial real property lease for the location at which FSS would operate, 9166 W. 44th Ave, Wheat Ridge, Colorado, and directed CC-2 in his name to submit the lease as a part of his FFL. SLAYDEN thereby caused fraudulent information to be transmitted to the ATF on July 19, 2022, in order to perpetuate his and CC-1's business in and corollary profit obtained in the manufacturing and straw purchasing of firearms.

All in violation of Title 18, United States Code, Section 371.

## **COUNT 2**

On or about September 10, 2023, in the State and District of Colorado, the defendant, CAMPBELL PHILLIP SLAYDEN, knowingly received and possessed a firearm: a silencer, not registered to him in the National Firearms Registration and Transfer Record.

All in violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## **FORFEITURE ALLEGATION**

1. The allegations contained in Count 2 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the violation alleged in Count 2 of this Information involving violations of Title 26, United States Code, Sections 5841, 5861(d), and 5871, defendant, CAMPBELL PHILLIP SLAYDEN, shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms involved in the commission of the offense.

3. If any of the property described in paragraph 2 above, as a result of any act or omission of the defendant:

   a) cannot be located upon the exercise of due diligence;
   b) has been transferred or sold to, or deposited with, a third party;
   c) has been placed beyond the jurisdiction of the Court;
   d) has been substantially diminished in value; or
   e) has been commingled with other property which cannot be subdivided without difficulty

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

\ \

COLE FINEGAN
United States Attorney

*s/ Albert Buchman*
ALBERT BUCHMAN
Assistant United States Attorney
United States Attorney's Office
1801 California St., Suite 1600
Denver, Colorado  80202
Telephone: (303) 454-0100
Fax: (303) 454-0406
E-mail: al.buchman@usdoj.gov
Attorney for the government